IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EDUARDO L. LOCKLEY, | |
| Petitioner, | NO. 5:10-CV-383 (MTT) |
| VS. | |
| CLAY TATUM, | Proceedings Under 28 U.S.C. §2254 |
| Respondent. | Before the U.S. Magistrate Judge |

### **RECOMMENDATION**

Respondent Clay Tatum has filed a Motion to Dismiss the above-captioned petition alleging that it is untimely according to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §2244(d). Doc. 6. Because the instant petition appears to have been delivered to prison authorities for mailing prior to the expiration of the applicable limitations period, it is **RECOMMENDED** that the motion be **DENIED**.

### FACTUAL AND PROCEDURAL HISTORY

On June 1, 2001, Petitioner was convicted and sentenced in the Butts County, Georgia Superior Court for the offenses of hijacking a motor vehicle and armed robbery. Petitioner's conviction and sentence were affirmed on January 26, 2007. See Lockley v. State, Ga. Court of Appeals No. A06A2272. On August 27, 2007, Petitioner filed a state habeas corpus petition. This state habeas petition was denied on March 18, 2009, and Petitioner's application to the Georgia Supreme Court for a certificate of probable cause to appeal was denied on September 8, 2010.

On December 18, 2009, Petitioner executed his federal habeas corpus petition. Attached to the petition was a Motion for Leave to proceed in forma pauperis along with an affidavit and record of Petitioner's inmate account status executed on December 18, 2009 by prison accounting clerk

1

Judith Hatcher. Doc. 2. The petition was not received by this Court, however, until October 15, 2010. Doc. 1.

## DISCUSSION

In this case, pursuant to 28 U.S.C. §2244(d)(1), the parties agree that the applicable period of limitations for Petitioner to file a federal habeas corpus petition ended no later than February 17, 2010. The parties do not dispute that Petitioner executed his federal habeas corpus petition on December 18, 2009, but dispute the date on which Petitioner delivered the petition to prison authorities for mailing. The date of filing of Petitioner's action is governed by the "mailbox rule" set forth in Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. Under the mailbox rule, a prisoner's filings are deemed filed on the date that the prisoner delivers the filing to prison authorities for mailing, regardless of the date it is actually mailed. Consequently, the only issue to be resolved with respect to the instant motion is whether or not Petitioner Lockley delivered his petition to prison officials for mailing on or before February 17, 2010.

Petitioner states that he submitted his petition to Calhoun State Prison officials using the prison's internal mail system on December 21, 2009. The Petition, as delivered to the Court, is signed December 18, 2009, and is accompanied by an affidavit signed and certified by a prison official on the same date. Petitioner claims that prison mail room personnel denied his requests for indigent postage and refused to mail his petition on five separate occasions. Petitioner contends that he was finally able to have his petition mailed after he was transferred to Autry State Prison. In response, Respondent argues that Petitioner "could not have delivered his petition to prison authorities on or about December 18, 2009," given that the envelope in which the petition was ultimately mailed bore a return address of Autry State Prison. Resp.'s Brief 5 (Doc. 6-1).

2

When a request for dismissal based on a statute of limitations defense involves application of the mailbox rule, the burden of proof is upon the Respondent to prove the date a prisoner delivered his documents to authorities for mailing. See Washington v. U.S, 243 F.3d 1299, 1301 (11th Cir. 2001). The burden falls on the Respondent because the prison is usually "the only party with access to at least some of the evidence needed to resolve such questions." Houston v. Lack, 487 U.S. 266, 275-76 (1988). Prisons "have well-developed procedures for recording the date and time at which they receive papers for mailing and ... can readily dispute a prisoner's assertions that he delivered a paper on a different date. Id. If the Respondent does not produce evidence in the form of prison logs or other relevant records in order to demonstrate that the filing was not timely delivered for mailing, the Court may "assume that [Petitioner's] motion was delivered to prison authorities the day he signed it." Washington, 243 F.3d at 1301.

In this case, Respondent has produced no evidence from prison records to show that Petitioner did not submit his petition for mailing on the five previous dates he alleges. Instead, Respondent relies solely upon the return address and postmark printed upon the envelope in which the instant petition was ultimately delivered to the Court. This evidence indicates only that the petition was finally mailed from Autry State Prison in October 2010. It does not contradict Petitioner's representation that he first submitted the Petition for mailing at Calhoun State Prison in December 2009. Petitioner's version of events is supported by the date of his signature on the Petition and by the date of a prison official's signature on the accompanying affidavit, both dated December 18, 2009. As such, Respondent has failed to meet his burden and the weight of the evidence supports Petitioner's claim that he delivered his petition to prison authorities for mailing on December 21, 2009, well before the statute of limitations expired. Accordingly, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. The Clerk is directed to serve Petitioner at the last address provided by him.

**SO ORDERED**, this 17th day of May, 2011.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge