IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| EDUARDO LOCKLEY, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 5:10-CV-383 (MTT) |
| | : | |
| CLAY TATUM, | : | |
| | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is Petitioner Eduardo Lockley's 28 U.S.C. § 2254 petition seeking habeas corpus relief. Doc. 1. The petition contains sixteen grounds, all of which allege claims of ineffective assistance of appellate counsel. Because all of Petitioner's grounds fail to state a claim, **IT IS RECOMMENDED** that the instant petition be **DENIED**.

PROCEDURAL HISTORY

On January 10, 2011, a Butts County Grand Jury indicted Petitioner for hijacking a motor vehicle and armed robbery. Doc. 7-1. Petitioner was tried on May 29, 2001. Id. The jury returned guilty verdicts convicting Petitioner of both charges. Id. On June 1, 2001, Petitioner was sentenced to twenty (20) years imprisonment for hijacking a motor vehicle and ten (10) years imprisonment for armed robbery, to be served consecutively. Id.

After sentencing, through trial counsel James Watkins, Petitioner filed a motion for new trial. Id. Prior to the hearing on Petitioner's motion, Petitioner replaced Watkins with attorney Robert Goldberg. Id. Goldberg represented Petitioner at the hearing on the motion for new trial on May 17, 2005. Id. Petitioner subsequently moved to dismiss Goldberg as his counsel. Id. The

trial court granted Petitioner's motion and appointed the public defender's office to represent Petitioner. Id. On June 17, 2006, the trial court denied Petitioner's motion for new trial. Id.

After a potential conflict with the public defender's office was discovered, Petitioner was represented on appeal by attorney Jonathan Waters. Id.; Hearing Transcript at 37 (Doc. 7-8). On appeal, Petitioner raised the following issues: (1) trial court error in failing to suppress the victim's pre-trial identification testimony; (2) insufficiency of the evidence; (3) trial court error in not finding ineffective assistance of trial counsel for counsel's allowing Petitioner's criminal history and prison background to bias the jury; and (4) trial court error in admitting the testimony of Officer Molock and finding Petitioner's statements to Officer Molock voluntary. Doc. 7-15. Petitioner also sought remand on the issue of ineffectiveness of motion for new trial counsel Goldberg. Id. On January 26, 2007, the Court of Appeals of Georgia denied Petitioner's request for remand and affirmed Petitioner's convictions and sentences. Doc. 7-1.

On August 27, 2007, Petitioner filed a state habeas corpus petition in the Superior Court of Ware County, Georgia, raising forty-nine grounds for relief. Doc. 7-2. Following an evidentiary hearing at which appellate counsel Waters testified, the state habeas corpus court denied relief in an order dated March 18, 2009. Doc. 7-5. On September 8, 2009, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal. Doc. 7-6. On December 18, 2009, Petitioner executed the instant federal habeas corpus petition. Doc. 1.

## STATEMENT OF FACTS

In accordance with 28 U.S.C. § 2254(e)(1), and for the purpose of considering the instant petition, the facts as found by the Georgia Court of Appeals on direct appeal of Petitioner's criminal case are adopted by this court. These facts are as follows:

> Construed to support the verdict, the evidence presented at trial showed that the victim was visiting a state park when he was robbed at knifepoint and his wallet and car were taken. A sheriff's investigator came to the park to interview the victim, who gave a description of the robber and the knife used to rob him. A park employee recognized the robber from the description as a man he knew that had been in the park the day before "acting strange .... looking at every car coming by." He gave this information to police and told them that the man was living with a woman nearby.
>
> A police lieutenant immediately went to the woman's house, which was approximately three-fourths of a mile from the park, and spoke with her. She told the investigator that Lockley had been living with her but had moved out. He asked if she had any photographs of him, and she provided him with several. The investigator returned to the park and showed the victim one of the photographs; he immediately identified Lockley as the robber with "no doubt." The park employee identified Lockley in court as the man he knew that had been in the park the day before the robbery. The victim also identified Lockley in court as the man that robbed him. He testified that he was very close to Lockley in daylight and had a good chance to look at his face for approximately two minutes.
>
> Several witnesses testified that they had seen Lockley in Cedartown, Georgia driving the victim's car and that Lockley told them the car was his. When the stolen car was returned to the victim, his wife found a steak knife in the car. The victim gave it to the police and identified it in court as the knife used in the robbery. Lockley was eventually located in Cedartown, about a half mile from where the victim's stolen vehicle was found. He fled when first approached by the police.

Lockley v. State, No. A06A2272 (Ga. App., Jan. 26, 2007) (Doc. 7-1).

## NEED FOR AN EVIDENTIARY HEARING

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2244, if an applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that

3

but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). Because a review of the record in this case shows that the factual findings of the Georgia Court of Appeals were reasonable in light of the evidence presented, no evidentiary hearing is warranted in this case.

## LEGAL STANDARDS

In accordance with the provisions of 28 U.S.C. § 2254(d), this court is prohibited from granting relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Williams v. Taylor, 529 U.S. 362, 402-13 (2000).

A state court decision is "contrary to" clearly established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir.2001). An "unreasonable application" of clearly established federal law may occur if the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." Id. "An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Id. Moreover, when a "state court's application of federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

## DISCUSSION

Each of Petitioner's grounds alleges that he received ineffective assistance of appellate counsel. In Ground One, Plaintiff alleges that appellate counsel was ineffective for failing to file a motion for reconsideration in the Georgia Court of Appeals. In Grounds Two through Ground Sixteen, Plaintiff alleges that appellate counsel was ineffective for failing to raise various issues of ineffective assistance of counsel on motion for new trial.

In Grounds Two, Three, Ten, and Eleven, Petitioner claims that appellate counsel was ineffective for failing to raise claims of ineffective assistance of counsel on motion for new trial because counsel failed to raise various claims of prosecutorial misconduct. Petitioner alleges that the State failed to correct known perjured testimony by the investigators, the victims, witness Mary Smith, and witness Lisa Stockwell.

In Grounds Four, Six, Seven, Eight, Nine, Fifteen, and Sixteen, Petitioner claims that appellate counsel was ineffective for failing to raise claims of ineffective assistance of counsel on motion for new trial, based on counsel's failure to raise various claims of ineffective assistance of trial counsel. Petitioner argues that trial counsel was ineffective for withholding exculpatory evidence, for failing to object to out-of-court and in-court identifications, for failing to thoroughly cross-examine Reginald Davis, for eliciting bad character evidence of Petitioner's prior criminal history, for failing to object to the publishing of State's Exhibit Four, for failing to request a written charge on alibi and similar transaction, and for failing to object to the introduction of similar transaction evidence.

In Grounds Five, Twelve, Thirteen, and Fourteen, Petitioner claims that appellate counsel was ineffective for failing to raise claims of ineffective assistance of counsel on motion for new

trial based on counsel's failure to raise a violation of Brady v. Maryland, 373 U.S. 83 (1963), failure to raise a claim that that the trial court improperly instructed the jury on an alternative method of hijacking a motor vehicle, failure to file a plea in arrest of judgment on Count Two of the indictment, and failure to raise a claim regarding a fatal variance in Count Two of the indictment.

Petitioner argued all sixteen grounds in his state habeas corpus proceeding. The state habeas court found that appellate counsel acted reasonably in determining which issues he believed were meritorious and should be raised on appeal. The Sixth Amendment of the United States Constitution states that "in all criminal prosecutions, the accused shall enjoy…the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel provision guarantees the accused the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970).  To prevail on a claim of ineffective assistance of counsel, the petitioner bears the burden of establishing by a preponderance of the evidence that: (1) his attorney's performance was deficient, *and* (2) he was prejudiced by the inadequate performance. Strickland v. Washington, 466 U.S. 668, 687 (1984); Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000). A petitioner must prove both prongs of the Strickland test to show his counsel was ineffective. Id.

To establish deficient performance, a petitioner must prove that his counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. Chateloin v. Singletary, 89 F.3d 749, 752 (11th Cir. 1996). A strong presumption exists that counsel's performance was reasonable and the challenged action constituted sound trial strategy. Id.  In order to establish that counsel's performance was unreasonable, a petitioner must show that no objectively competent counsel would take the

action in question. Van Poyck v. Florida Department of Corrections, 290 F.3d 1318, 1322 (11th Cir. 2002).

To establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the outcome of the proceedings would have been different. Strickland, 466 U.S. at 697; Meeks v. Moore, 216 F.3d 951, 960 (11th Cir. 2000). Reasonable probability is defined as a "probability sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694). If a petitioner fails to prove that he has suffered prejudice, the court need not address the deficient performance prong of the Strickland test. Holiday v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

The right to effective assistance of counsel applies equally to counsel on appeal of right as it does to trial counsel. Evitts v. Lucey, 469 U.S. 387, 396 (1985). The Eleventh Circuit has held that the Strickland standard applies to ineffective assistance of appellate counsel claims. Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991). Thus, to prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that his appellate counsel's performance was deficient and that the petitioner was prejudiced by the performance. Id.

In this case, the state habeas court's holdings reflect a reasonable finding of the facts based on the record as a whole and are consistent with clearly established federal law. The record shows that appellate counsel's conduct was within the "wide range of professionally competent assistance" recognized by Strickland. 466 U.S. at 690. At the time of Petitioner's appeal, Waters had been practicing law for nearly ten years, with approximately forty to fifty percent of Waters' practice devoted to criminal defense. HT at 35-36 (Doc. 7-8). Waters had handled at least twelve criminal appeals. HT at 36-37 (Doc. 7-8). In preparing for the appeal, Waters exchanged letters

with Petitioner, and Petitioner suggested numerous issues for Waters to raise on appeal. HT at 39 (Doc. 7-8).

After investigating the issues suggested by Petitioner and reviewing the record, Waters ultimately decided to focus the appeal on the issues that he felt were meritorious. HT 45-46 (Doc. 7-8). Waters testified that he thought the issues suggested by Petitioner were too numerous to include all of them. HT 39. Appellate counsel cannot be found ineffective for failing to raise every non-frivolous issue. Heath v. Jones, 941 F.2d 1126, 1130-31 (11th Cir. 1991). "Rather, an effective attorney will weed out weaker arguments, even though they may have merit." Philmore v. McNeil, 575 F.3d 1251, 1264 (11th Cir. 2009). Waters testified that, based on his experience, it is better to focus the issues on appeal to a smaller number of stronger arguments rather than a laundry list of weaker arguments. HT at 46-47 (Doc. 7-8). As such, Waters raised the issues that he believed had the greatest opportunity for success. Id.

Petitioner has failed to show that Waters' choice of issues to raise on appeal was unreasonable. The record shows that Waters chose to focus on five specific issues, concerning the admissibility of the victim's pre-trial identification, the sufficiency of the evidence, trial counsel's admission of prejudicial evidence of Petitioner's criminal history, the admission of Petitioner's statement to Officer Morlock, and the trial court's failure to address claims of ineffective assistance of attorney Goldberg on the initial motion for new trial. Waters testified that he did not file a motion for reconsideration to ask the court of appeals to consider the ineffective assistance of motion for new trial counsel claims because the court of appeals denied the request for remand. HT at 66 (Doc. 7-8). Waters also testified that he did not raise issues of prosecutorial misconduct because he did not find signs of prosecutorial misconduct after reviewing the record. HT at 47 (Doc. 7-8). Additionally, Waters testified that he did not see any

fatal flaws in the indictment or the jury charges, and that he would not he have filed a motion in arrest of judgment. HT at 127-28, 133-34 Doc. (7-8).

Waters decision to focus on these five issues was reasonable in light of the record of this case. The issues raised on appeal concern critical aspects of the trial, particularly the victim's identification based on a suggestive photograph and the admission of Petitioner's statement. Because the evidence indicates that Waters reviewed the entire record of Petitioner's trial, corresponded with Petitioner, researched potential issues, and raised the issues that he believed to be most meritorious, the state habeas court reasonably determined that Petitioner received constitutionally adequate assistance of trial counsel.

## CONCLUSION

Because Petitioner has failed to demonstrate that any claim adjudicated on the merits in the state court resulted in a decision that was: (1) unreasonable in light of the evidence; or (2) contrary to or the result of an unreasonable application of clearly established federal law as determined by the United States Supreme Court, **IT IS RECOMMENDED** that his petition be **DENIED**.

Pursuant to the requirements of Section 2254 Rule 11(b), it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 12th day of June, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge
