**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **EDUARDO L. LOCKLEY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:10-CV-383 (MTT)** |
| | ) | |
| **CLAY TATUM, WARDEN,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

## ORDER

This matter is before the Court on the Recommendation (Doc. 17) of United States Magistrate Judge Charles H. Weigle on Petitioner Eduardo L. Lockley's Petition for Writ of Habeas Corpus (Doc. 1). The Magistrate Judge recommends denying the Petitioner's Petition under 28 U.S.C. § 2254 seeking federal habeas corpus relief. The Petitioner filed an Objection to the Recommendation.[1] (Doc. 18). The Court has reviewed the habeas petition, the Recommendation, the Petitioner's Objection and both the Georgia Court of Appeals and the state habeas corpus court's records. Although some clarification of the Recommendation is required, the ultimate conclusion reached in the Recommendation remains the same, and the Petitioner's Petition for Writ of Habeas Corpus is **DENIED**.

Pursuant to 28 U.S.C. § 2254(d), this Court is prohibited from granting relief with respect to any claim adjudicated on the merits in state court proceedings unless that

---

[1] The Petitioner did not object to the Magistrate Judge's finding that no evidentiary hearing is warranted in this case.

adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented. *Williams v. Taylor*, 529 U.S. 362, 402-13 (2000).

A state court decision is "contrary to" established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). An "unreasonable application" of clearly established federal law may occur if the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." *Id*. "An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Id*. Moreover, when a "state court's application of federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003).

The Petitioner's sixteen grounds for relief in his federal habeas corpus petition were also raised in his prior state habeas corpus petition. Each of the Petitioner's grounds alleges that he received ineffective assistance of his final appellate counsel, Jonathan Perry Waters. Each of these grounds for relief was considered and decided adversely to the Petitioner by the state habeas court following an evidentiary hearing.

To prevail on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To be deficient, the performance must be "outside the wide range of professionally competent assistance." *Id.* at 690.

> To establish prejudice under *Strickland*, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Rather, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Borden v. Allen*, 646 F.3d 785, 820 (11th Cir. 2011) (quoting *Strickland*, 466 U.S. at 693-94).

The right to effective assistance of counsel applies equally to counsel on appeal of right as it does to trial counsel. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). The Eleventh Circuit has held that the *Strickland* standard applies to ineffective assistance of appellate counsel claims. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991). Thus, to prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that his appellate counsel's performance was deficient and that the petitioner was prejudiced by the performance. *Id.* Further, counsel cannot be found ineffective for failing to raise every non-frivolous defense. *Chandler v. U.S.*, 218 F.3d 1305, 1319 (11th Cir. 2000). Counsel must use his or her judgment to determine which claims and arguments to emphasize, which may require counsel to rule out other non-frivolous claims and arguments. *Id.*

The Petitioner's first ground alleges that appellate counsel Waters was ineffective by not moving for reconsideration after the Georgia Court of Appeals ruled. It is the Magistrate Judge's ruling on this claim that requires some explanation. During the course of his state proceedings, the Petitioner had four lawyers. After trial counsel, James Watkins, moved for new trial, he was replaced by Robert Goldberg. Before the motion for new trial was denied, Goldberg was replaced by Leo Knight of the public defender's office. After the motion for new trial was denied, Jonathan Perry Waters was appointed to represent the Petitioner on appeal.

In the direct appeal, Waters contended that trial counsel and Goldberg were ineffective. (Doc. 7-15 at 5-6). The Georgia Court of Appeals held these claims had been waived because they were not raised before the denial of the motion for new trial. Although the court of appeal's discussion is brief, it is clear that the court reasoned that Knight could have raised those claims before the trial court denied the motion for new trial. He did not, and therefore those claims were waived. Apparently, the Petitioner contends that the court of appeals mistakenly thought Waters had been appointed before the ruling on the motion for new trial. The Petitioner is wrong. Again, the basis for the court's ruling was that new counsel (Knight) had been appointed who had the opportunity to raise the ineffective assistance claims. Had Waters been appointed before the trial court ruled on the motion for new trial, he would have been in the same position as Knight; i.e., he should have raised the claim of ineffective assistance. Clearly, the court of appeals did not think he was in that position.

The Petitioner also contends that Waters should have moved for reconsideration in the court of appeals because the court did not address his motion to remand for

further development of his ineffective assistance claims.  As the state habeas court

found, however, when the Georgia Court of Appeals ruled that the ineffective assistance

claims had been waived, it implicitly ruled that remand was not appropriate.  This finding

clearly was correct.  Thus, the state habeas court did not unreasonably deny habeas

relief on the Petitioner's first ground for relief.

With regard to the remaining fifteen grounds of the Petitioner, the Petitioner fails

to understand the significance of the fact that Knight was appointed before the trial court

ruled on the motion for new trial.  As the Georgia Court of Appeals noted in its opinion,

one reason for appointing new counsel before that ruling, was to allow new counsel to

assert claims of ineffective assistance of counsel that could be raised in the direct

appeal.  *Lockley v. State*, No. A06A2272 (Ga. App., Jan. 26, 2007) (Doc. 7-1 at 5).

Thus, when Knight replaced Goldberg, it was incumbent upon him to raise claims of

ineffective assistance of trial counsel.  When Goldberg was discharged, he had not

been ineffective because the claims for ineffective assistance of trial counsel still could

be raised.  If anyone was ineffective for failing to raise claims of ineffective assistance of

Watkins and Goldberg, it was Knight because he failed to assert those claims before the

ruling on the motion for new trial.  Thus, the Petitioner's claims in this Court that Waters

was ineffective for his failure to assert ineffective assistance claims against Goldberg

simply miss the mark.

In any event, the state habeas court considered the remaining fifteen grounds on

the merits and concluded they lacked merit.  The Magistrate Judge points out that

Waters adequately reviewed the record as well as the "numerous issues" Petitioner

suggested to raise on appeal.  (Doc. 17 at 8).  Waters testified that he focused on the

issues he believed to be more meritorious, and the Petitioner has not shown in his

Objection why the issues selected by Waters were less meritorious than the ones

Petitioner now asserts.  The Petitioner also states in his Objection that the proceedings

would have been different had Waters raised more meritorious issues on appeal but

does not show that the Georgia Court of Appeals would have rendered a different

decision, particularly when these sixteen grounds were ultimately considered by the

state habeas court and denied on the merits.  The Court agrees with the

Recommendation that "the state habeas court's holdings reflect a reasonable finding of

the facts based on the record as a whole and are consistent with clearly established

federal law."  (Doc. 17 at 7).

For the reasons set forth above and in the Recommendation, the Petitioner's

Petition for Writ of Habeas Corpus is **DENIED**. Further, pursuant to the Magistrate

Judge's Recommendation, a certificate of appealability is **DENIED**.


**SO ORDERED**, this the 17th day of September, 2012.


S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT